IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERIN ENNIS
6623 South Avenue
Middleton, Wisconsin 53562,

        Plaintiff,

vs.

Case No._____

SUMMIT CREDIT UNION
4800 American Parkway
Madison, Wisconsin 53718,

        Defendant.

## COMPLAINT

The Plaintiff Erin Ennis by her attorneys, Hawks Quindel, S.C., by David C. Zoeller and William E. Parsons, for her Complaint against the Defendant, Summit Credit Union, states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant's principal place of business is in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Plaintiff Erin Ennis ("Ennis") is an adult resident of the State of Wisconsin, residing at 6623 South Avenue, Middleton, Wisconsin, 53562. Ennis was an employee of Defendant as defined by 29 U.S.C. § 203(e). Ennis' signed consent form is attached to her complaint as Exhibit A.

4. Defendant Summit Credit Union (hereinafter referred to as "Summit") is a Wisconsin credit union with its principal place of business in Madison, Wisconsin. Summit's registered agent for service is Andy Faust, 2800 American Parkway, Madison, Wisconsin 53718. Summit is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## ALLEGATIONS

5. Upon information and belief, Summit purchased the assets and liabilities of Great Wisconsin Credit Union on or about November 2008.

6. Ennis was employed by Great Wisconsin Credit Union as a loan officer between July 2008 and November 2008, when Great Wisconsin Credit Union was acquired by Summit.

7. Ennis was then employed by Summit as a loan officer between November 2008 and February 2009.

8. During Ennis' employment as a loan officer with Great Wisconsin Credit Union and Summit, she was suffered and permitted to work more than forty (40) hours per week but was not paid overtime compensation.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

8. Paragraphs 1-7 of this Complaint are re-alleged as though set forth here in full.

9. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

10. During her employment with Great Wisconsin Credit Union and Summit, and within the applicable statute of limitations, Ennis regularly worked in excess of forty (40) hours per week without overtime compensation.

11. At no time during her employment with Great Wisconsin Credit Union and Summit and within the applicable statutory period was Ennis exempt from overtime pay under any of the FLSA exemptions.

12. These practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq., including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Ennis has suffered a wage loss.

13. Great Wisconsin Credit Union and Summit knew or showed reckless disregard for the fact that they failed to pay Ennis overtime compensation in violation of the FLSA.

WHEREFORE, Plaintiff Erin Ennis demands judgment against Defendant awarding her:

3

A.  The overtime wage compensation owed under 29 U.S.C. §§ 206, 207 for the 3-year time period prior to the commencement of this action;

B.  Liquidated damages in an amount equal to the amount awarded to her as overtime wage compensation, as provided in 29 U.S.C. § 216(b);

C.  All attorney's fees incurred by Plaintiff in prosecuting this action, and the costs of this action, as provided in 29 U.S.C. § 216(b); and

D.  Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under the Fair Labor Standards Act.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Erin Ennis demands a trial by jury.

Dated this 25th day of September 2009.

**HAWKS QUINDEL, S.C.**

By: _____
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hqeplaw.com
William E. Parsons, State Bar No. 1048594
Email: wparsons@hqeplaw.com
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608 257-0040
Facsimile: 608 256-0236

Attorneys for Plaintiff Erin Ennis

4